## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**LAMAR C. CHAPMAN, III**                                           **PETITIONER**
**REG. #28648-009**

**vs.**                         **No.  2:19-CV-00064-BSM-JTR**


**THOMAS J. SCARANTINO,**
**Complex Warden, FCC-Butner,**
**North Carolina**[1]                                           **RESPONDENT**


### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

---

[1] When Mr. Chapman initially filed this case, he was at the Federal Correctional Institution in Forrest City, Arkansas.  However, he was subsequently moved to the Federal Correctional Complex in Butner, North Carolina, and the Respondent was changed to reflect the warden of the facility where Mr. Chapman is incarcerated.  *See* Notice of Change of Address, *Doc. 4*; 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

1

## I. Discussion

On June 7, 2019, Petitioner, Lamar C. Chapman III ("Chapman") filed a Motion for Leave to Proceed *in forma pauperis*, *Doc. 1*, and a document entitled "Emergency Petition Verified Writ Habeas Corpus," which was initially treated as a Petition for Habeas Corpus under 28 U.S.C. § 2241, *Doc. 2*.

On July 1, 2019, the Court entered an Order giving Carter until August 1, 2019 to: (1) Complete Form AO 242 in order to initiate a claim for § 2241 habeas relief; and (2) *either* pay the $5.00 filing fee in full, *or* file a properly completed Application to Proceed *In Forma Pauperis*. *Doc. 3*. The Order explained in detail the deficiencies in Chapman's initially filed habeas Petition, and it also struck the habeas Petition. Finally, the Order advised Chapman that if he failed "to timely and properly comply" with the Order," his habeas action could "be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2)."[2] *Id.*

---

[2] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice*. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added).

Chapman did not comply with the Court's July 1, 2019 Order.

On August 14, 2019, the Court entered an Order again advising Chapman that he had to comply with the July 1, 2019 Order in order to proceed with this case. *Doc. 6.* The Court set a new deadline of September 13, 2019 for Chapman to comply.

Chapman did not comply with the Court's August 14, 2019 Order.[3]

On September 3, 2019, the Court entered an third Order advising Chapman that he had to comply with the Court's July 1, 2019 Order *before* this case could proceed. *Doc. 11.* The Order specifically advised Chapman that if he failed to timely and fully comply, I would recommend that this action be dismissed.

On September 16, 2019, Chapman appealed my rulings to District Judge Brian S. Miller. *Doc. 12.*

On November 19, 2019, Judge Miller denied Chapman's appeal. *Doc. 14.*

Since filing this action over five months ago, Chapman has failed to make any effort to comply with three separate Orders telling him what he must do for the Court to be able to screen this case so that it can even potentially move forward.

---

[3] Chapman did, however, file two Motions, neither of which complied with this Court's prior Orders and both of which were denied in the Court's Order filed on September 3, 2019. *Doc. 11.*

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT this action be DISMISSED

WITHOUT PREJUDICE pursuant to Local Rule 5.5(c)(2) and Fed. R. Civ. P. 41(b).

Dated this 11th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE